COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges O'Brien, Malveaux and Raphael

ISIDRO AVALOS VANEGAS

                                         MEMORANDUM OPINION[*]

v.      Record No. 1900-23-2                      PER CURIAM
                                               OCTOBER 29, 2024

TRIPLE S. PALLETS, LLC, ET AL.

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

> (Adam J. Dourafei; Lauren Carroll; Commonwealth Law Group, on
> brief), for appellant.

> (Christopher M. Kite; Lucas & Kite, PLC, on brief), for appellees.

The Virginia Workers' Compensation Act prohibits the award of benefits for a work-related injury "caused by . . . [t]he employee's willful breach of any reasonable rule or regulation adopted by the employer and brought, prior to the accident, to the knowledge of the employee." Code § 65.2-306(A)(5). The Workers' Compensation Commission denied benefits to Isidro Vanegas under that provision. The Commission found that his injury was caused by his willful failure to replace a safety guard on the saw he was operating, resulting in lacerations to his hand and finger. Vanegas claims that the Commission misapplied the law and that the evidence, in any case, failed to prove a willful violation of any safety rule. Finding the appeal "wholly without merit," Code § 17.1-403(ii)(a); Rule 5A:27(a), we dispense with oral argument and affirm the Commission's decision.

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

BACKGROUND

We review the evidence in the light most favorable to the employer, the prevailing party before the Commission. *Davis v. Wal-Mart Assocs.*, 80 Va. App. 526, 530 (2024). Vanegas injured his right hand and middle finger while using a wood-cutting machine. The machine operates by feeding pieces of wood through a saw. The saw has a safety guard, which workers sometimes raise to clean the saw blade. Vanegas knew of the employer's safety rule requiring workers to replace the safety guard over the saw blade before operating it. Vanegas said that he had not received formal training on using the machine and had not reviewed any training or safety manual. But he acknowledged that his supervisor showed him how to use the machine. Vanegas learned how to perform cleaning and maintenance, including lowering the safety guard and putting it back in place before activating the saw blade.

One day, Vanegas turned off the machine and lifted the safety guard to adjust and clean the saw blade. But he failed to replace the safety guard. Vanegas and another employee resumed using the machine without the guard in place. While walking by the spinning blade, Vanegas accidentally touched it, causing a deep laceration to his right hand and middle finger.

After receiving medical treatment and undergoing surgery, Vanegas was temporarily unable to work. He filed a claim seeking temporary-total-disability benefits, a medical award, and reimbursements. The employer responded that Vanegas's claims were barred by Code § 65.2-306 because he was injured through his own willful misconduct by failing to replace the safety guard on the saw.

At an evidentiary hearing before the deputy commissioner, Vanegas testified that he "forgot" to replace the guard after cleaning the blade. The deputy commissioner denied Vanegas's claim for benefits, finding that Vanegas's injury resulted from willful misconduct. Vanegas appealed to the full Commission.

The full Commission affirmed.  It concluded that Vanegas "knew that he was forbidden to operate the saw without the guard in place, yet he intentionally undertook the forbidden act." Citing *Layne v. Crist Electrical Contractor, Inc.*, 64 Va. App. 342 (2015), the Commission held that Vanegas's conduct qualified as willful failure under Code § 65.2-306.[1]

Vanegas noted a timely appeal to this Court.

ANALYSIS

Vanegas argues that the Commission misapplied the law by finding that willful misconduct can arise from negligent acts that were unintentional.  He also argues that even if the Commission correctly applied the law, there was insufficient evidence to support a finding of willful misconduct.

We review the Commission's determinations of law de novo.  *Davis*, 80 Va. App. at 534. But the Commission's factual findings are "conclusive and binding," Code § 65.2-706(A), as long as "'there was credible evidence presented such that a reasonable mind *could* conclude that the fact in issue was proved,' even if there is evidence in the record that would support a contrary finding."  *Anderson v. Anderson*, 65 Va. App. 354, 361 (2015) (quoting *Artis v. Ottenberg's Bakers, Inc.*, 45 Va. App. 72, 84 (2005) (en banc)).  Whether a claimant committed a willful violation under Code § 65.2-306(A)(5) is an issue of fact.  *Layne*, 64 Va. App. at 350 (quoting *Mills v. Va. Elec. & Power Co.*, 197 Va. 547, 551 (1955)).

Code § 65.2-306(A)(5) prohibits an employee from obtaining compensation benefits if the employee commits a "willful breach of any reasonable rule . . . adopted by the employer and

---

[1] Commissioner Marshall dissented, insisting that a "violat[ion] of a known rule by forgetting to perform an act" is not an intentional act that constitutes willful misconduct.  He viewed the evidence as showing that Vanegas simply forgot to replace the safety guard, and his operation of the saw without the guard was "accidental and at most negligent."  He saw "no evidence that [Vanegas] operated the saw with knowledge that the guard was not on."

- 3 -

brought, prior to the accident, to the knowledge of the employee." An employer must show four things to prevail on a willful-violation defense under Code § 65.2-306(A)(5):

- the employer's safety rule was reasonable;

- the rule was known to the employee;

- the rule was promulgated for the benefit of the employee;

- the employee intentionally undertook the forbidden act.

*Layne*, 64 Va. App. at 349-50 (quoting *Owens Brockway v. Easter*, 20 Va. App. 268, 271 (1995)). The only disputed issue here is whether Vanegas "intentionally undertook the forbidden act."

An employer may establish a willful violation without "proving that the employee, with the rule in mind, purposefully determined to break it. It is sufficient to show that, knowing the safety rule, the employee intentionally performed the forbidden act." *Spruill v. C.W. Wright Constr. Co.*, 8 Va. App. 330, 334 (1989) (quoting *Riverside & Dan River Cotton Mills, Inc. v. Thaxton*, 161 Va. 863, 871-72 (1934)); *see Thaxton*, 161 Va. at 872 ("If the employee knows the rule, and yet intentionally does the forbidden thing, he has 'wil[l]fully failed to obey' the rule.").

We applied this principle in *Layne* to find that the claimant "intentionally performed the forbidden act" proscribed by a warehouse's "'lockout-tagout' rule." *Layne*, 64 Va. App. at 355-56. That rule required warehouse employees to shut down a bridge crane and electrified rails before working near the crane. *Id.* at 346. The claimant was not given any written materials about the rule, nor did he attend the employer's formal safety orientation. *Id.* But he knew about the rule after receiving a tour of the facility, and other employees told him that the rule was important. *Id.* at 346-47. On the day he was injured, the claimant successfully applied the lockout-tagout rule, showing that he knew about it. *Id.* at 348. But he later violated the rule, resulting in his severe injuries. *Id.* at 345, 348. We affirmed the Commission's decision,

deferring to its finding that the claimant's conduct was "willful." *Id.* at 360. We "applied the longstanding legal standard" to find that the claimant "intentionally performed the forbidden act" because he knew the rule (having followed it that very morning) but then violated it. *Id.* at 355-56 (citing *Thaxton*, 161 Va. at 872; *Mills*, 197 Va. at 552; and *Peanut City Iron & Metal Co. v. Jenkins*, 207 Va. 399, 403 (1966)). We declined to "second-guess" the Commission's inference "that [the] claimant 'intentionally performed the forbidden act'" because the Commission's decision was supported by credible evidence. *Id.* at 357.

We reject Vanegas's claim that the Commission "misapplied the law" by permitting mere "negligence" to satisfy the "willful misconduct" standard. The Commission's opinion explicitly applied our four-part test in *Layne*. The Commission found that the willful-misconduct standard was satisfied by the evidence presented here.

We also reject Vanegas's claim that there was no evidence from which the Commission could find that Vanegas engaged in willful misconduct. Vanegas intentionally performed the forbidden act of operating the saw without replacing the safety guard over the blade. *See Layne*, 64 Va. App. at 350. Vanegas knew about the rule requiring the safety guard to be over the saw blade when operating the machine. As the Commission explained, Vanegas testified that he used the saw "pretty much every day" and that he had never previously forgotten to replace the guard. Vanegas also said that he had never seen anybody operate the saw machine without the safety guard on.

The video of Vanegas's accident was also in evidence. The video shows Vanegas and another employee feeding pieces of wood through the saw machine without the safety guard in place. The Commission determined from the video and Vanegas's history with the saw that Vanegas's failure to replace the safety guard was intentional. The Commission stated it was "not persuaded by the claimant's testimony that he simply forgot to replace the guard." The

Commission could reasonably determine from the video that Vanegas must have known that the guard was missing because he was using the saw without the guard in place before the accident. *Cf. Commonwealth v. Barney*, 302 Va. 84, 97 (2023) ("[W]e, on appellate review, view video evidence not to determine what we think happened, but for the limited purpose of determining whether any rational factfinder could have viewed it as the [factfinder] did." (second alteration in original) (quoting *Meade v. Commonwealth*, 74 Va. App. 796, 806 (2022))).

In short, the Commission could reasonably determine that Vanegas knew the rule, adhered to it without failure for almost two years, observed others adhere to it, yet willfully failed to put the guard in place, thereby causing his injury.

CONCLUSION

We find no basis to disturb the Commission's ruling.

*Affirmed.*